**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| JUSTO E. ROQUE, JR. | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER:  19-9385 |
| DOUGLAS CROSS, D.D.S. | | SECTION:  "G" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Justo E. Roque, Jr. filed the above-captioned matter in this Court in which

he sues Douglas Cross, D.D.S. for medical malpractice and negligence. On April 16, 2019, this

Court ordered Roque to show cause in writing by May 15, 2019 as to why this case should not be

summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

On May 8, 2019, Roque complied with this Court's order.   [Doc. #5].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court

determine that a case is frivolous.   Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court **shall dismiss** the case at any time if the court determines that –
> 
> &ast;   &ast;   &ast;
> 
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).   In plain language, Section 1915 requires

dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

---

[1]    *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous"

1

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).   However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.   On its face, plaintiff's complaint fails to meet the requirements of the statute.   There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction.   "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331, and Roque has not alleged such jurisdiction. Indeed, he sues Cross under Louisiana Revised Statutes § 40:1299 and 41(A).   It is axiomatic that a state statute confers no federal-question jurisdiction.

Neither has Roque proven diversity jurisdiction.   In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of

---

where it lacks an arguable basis either in law or in fact).

[2]     *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]     *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986).  "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654. Roque has an address in Louisiana, as does Cross, and this Court's reading of the complaint reveals that all of the events occurred in this state.

In his response to this Court's rule-to-show-cause order, Roque alleges that defendant Cross – the only defendant here – resides at Excelth Dental Center Algiers, 1111 Newton Street, Suite #207, New Orleans, Louisiana 70114.[4] He repeats this address no fewer than three times in his petition and affirms that Cross's counsel is Blue Williams in Metairie, Louisiana. The parties are thus not diverse. Roque also notes that he seeks only $25,000.00 in damages, which is well

---

[4] The dental center's website reveals that it is also located at 1515 Poydras Street #1070, New Orleans Louisiana 70112.

below the $75,000.00 necessary to invoke diversity jurisdiction.   Accordingly,

**IT IS RECOMMENDED** that the complaint of Justo E. Roque, Jr. against defendant Douglass Cross, D.D.S. be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of May, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**